

ENTERED
02/15/2011

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

|  |  |
|---|---|
| IN RE | ) |
| TEKOIL & GAS CORPORATION, | ) CASE NO. 08-80270-G3-11 |
| Debtor, | ) |
| WILLIAM G. WEST, TRUSTEE, | ) |
| Plaintiff, | ) |
| v. | ) ADV. NO. 10-8033 |
| GERALD GOODMAN, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

The court has held a pretrial conference with respect to the above captioned adversary proceeding, and has considered "Defendants Mark Western and Gerald Goodman's Motion for Leave to File Amended Answers" (Docket No. 19) and "Defendants Mark Western and Gerald Goodman's Motion to Amend Current Scheduling Orders and for a Continuance in Adversary Case Nos. 10-08038 and 10-08033" (Docket No. 21).  The following are the Findings of Fact and Conclusions of Law of the court.  A separate conforming Judgment will be entered.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Tekoil & Gas Corporation ("Tekoil") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on June 10, 2008. Tekoil's subsidiary, Tekoil and Gas Gulf Coast, LLC ("Gulf Coast") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on August 29, 2008. The Tekoil and Gulf Coast (collectively, "Debtors") cases were jointly administered, by order entered on October 1, 2008.

The joint plan proposed by Debtors was confirmed, by order entered on March 24, 2010. The plan created a creditor trust, and transferred to that trust, inter alia, avoidance actions. The plan named William G. West as the trustee of the creditor trust (Docket No. 546, Case No. 08-80270-G3-11).

In the instant adversary proceeding, West, as trustee of the creditor trust ("Plaintiff") seeks avoidance and recovery of what Plaintiff alleges to be preferential and/or fraudulent transfers to Gerald Goodman ("Defendant"). Plaintiff also objects to Goodman's scheduled claim.

After Plaintiff filed the instant adversary proceeding against Defendant, Plaintiff filed a second adversary proceeding against Defendant and others, in Adversary No. 10-8065, asserting an affirmative claim for breach of fiduciary duty.

On October 28, 2010, Defendant filed, pro se, in Adversary No. 10-8065, an answer responsive to the allegations in the instant adversary proceeding. The answer is signed by

Defendant, and denies the material allegations regarding purported preferential and fraudulent transfers contained in the complaint in the instant adversary proceeding.  Defendant's answer did not contain a jury demand.  (Docket No. 15, Adv. No. 10-8065).[1]

On January 5, 2011, Defendant, with the assistance of counsel, filed the instant motions.  Defendant seeks leave to amend his answer, and also seeks amendment to the scheduling order, because he is now represented by counsel.[2]

The amended answer which Defendant seeks leave to file contains, in addition to responses to the factual allegations in the complaint in the instant adversary proceeding, an assertion of affirmative defenses, and a demand for a trial by jury on all issues in the complaint so triable as of right.

Plaintiff opposes the motion for leave to amend the answer, on grounds of prejudice due to the passage of time, and on grounds Defendant is seeking to amend the answer solely for the bad faith purpose of attempting to revive a right to a jury

---

[1]Defendant has admitted that the answer mistakenly filed in Adversary No. 10-8065 was responsive to the complaint in the instant adversary proceeding.  (Docket No. 19, at p. 2, FN1).

[2]Defendant also seeks amendment to the scheduling order on grounds he believes the instant adversary proceeding should be consolidated into Adversary No. 10-8065, and in light of questions raised in that adversary proceeding regarding whether the reference to the bankruptcy court should be withdrawn in light of, inter alia, a demand for a jury trial.  The court has separately determined that the instant adversary proceeding should not be consolidated with Adversary No. 10-8065.

trial.

## Conclusions of Law

Under Rule 38(b), Fed. R. Civ. P., as made applicable by Rule 9015(a), Fed. R. Bankr. P., a party may demand a jury trial on any issue triable of right by a jury, by serving the other parties with a written demand, no later than 14 days after the last pleading directed to the issue is served, and filing the demand.

Under Rule 38(d), Fed. R. Civ. P., as made applicable by Rule 9015(a), Fed. R. Bankr. P., a party waives a jury trial unless its demand is properly served and filed.

Under Rule 15(a)(2), Fed. R. Civ. P., as made applicable by Rule 7015, Fed. R. Bankr. P., a party may amend its pleading with the court's leave.  The court should freely give leave when justice so requires.

An amendment which introduces new theories of recovery based on the same operative facts does not revive a right to a jury trial.  In re Hunt, 215 B.R. 505 (Bankr. W.D. Tex. 1997) citing Guajardo v. Estelle, 580 F.2d 748 (5th Cir. 1973).[3]

In the instant adversary proceeding, Defendant's amended answer raises no new operative facts supporting the affirmative defenses pled.  The court concludes that Defendant

---

[3] The rule stated in Guajardo v. Estelle and applied in In re Hunt addressed affirmative theories of recovery, but it applies equally to defensive theories.  See Westchester Day School v. Village of Mamaroneck, 504 F.3d 338 (2d Cir. 2007).

has waived the right to a jury trial.  The court will, however, permit the amendment of the answer.

With respect to the scheduling order, Plaintiff does not oppose a continuance, but only opposes consolidation with Adversary No. 10-8065.  The court has separately determined not to consolidate the instant adversary proceeding with Adversary No. 10-8065.  In light of the presence of new counsel, the court will set new dates.

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on February 15, 2011.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE